IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COREY MOSS,                              :
                                         :     4:07-cv-2204
                    Petitioner,          :
                                         :     Hon. John E. Jones III
              v.                         :
                                         :     Hon. Martin C. Carlson
RICARDO MARTINEZ,                        :
                                         :
                    Respondent.          :

## MEMORANDUM

## April 16, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Martin C. Carlson (Doc.9), filed on March 29, 2010,

which recommends that the petition of Corey Moss ("Petitioner" or "Moss"), for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.  No objections to

the R&R have been filed by any party.[1]  For the reasons set forth below, the Court

will adopt the R&R.

_____

[1] Objections were due by April 15, 2010.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL BACKGROUND

Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 4, 2007. (Doc. 1). Within the Petition, Moss raises Fourth Amendment search and seizure issues that he unsuccessfully litigated throughout the state courts. The Petition was briefed by

the parties, and Magistrate Judge Carlson's R&R addresses the merits of the

Petition. As noted above, Magistrate Judge Carlson recommends that the Petition

be denied.

## III. DISCUSSION

Within the R&R, Magistrate Judge Carlson thoroughly reviews the claims

set forth by Petitioner. In particular, Moss complains about state court suppression

rulings, arguing that evidence seized from a motel room he occupied should be

suppressed because the police lacked probable cause and failed to show exigent

circumstances justifying a warrantless search of the room. As Magistrate Judge

Carlson correctly notes, Moss has enjoyed a full and fair opportunity to litigate

these claims in the state court. In fact, Moss filed a timely suppression motion in

state court, received a full evidentiary hearing on that motion, and had the

suppression issues in this case carefully examined by the state trial judge as well as

state appellate judges. Based on the Magistrate Judge's review of the record, he

concluded, and we agree, that the Petitioner received the "opportunity for full and

fair litigation" of his Fourth Amendment claim as required by the Supreme Court in

*Stone v. Powell*, 428 U.S. 465 (1973).

As we have already mentioned, neither Respondents nor the Petitioner have

filed objections to this R&R. Because we agree with the sound reasoning that led

the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.